IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tacoma M. Prioleau, | ) | Civil Action No.: 2:11-2115-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Tacoma M. Prioleau ("Prioleau") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Prioleau's claim for Social Security Income ("SSI") under Title XVI of the Social Security Act. In her Report and Recommendation ("Report"), Magistrate Judge Hendricks recommends reversing the Commissioner's decision and remanding the case for further proceedings. (ECF No. 22.) The Commissioner objects to the Report and Recommendation. (ECF No. 23.) Prioleau filed a response in support of the Magistrate Judge's Report. (ECF No. 25.) For the reasons stated below, the Court adopts the Report and Recommendation and reverses and remands the case for further administrative proceedings.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below

in relevant part. On December 28, 2007, Prioleau filed a Title XVI application for SSI, alleging disability beginning March 1, 1997. (Tr. 12, 19.)  Prioleau was twenty-four years old on the date she filed her claim. (Tr. 19).   Prioleau claimed disability due to mental retardation, depression, and anxiety.  (Tr. 14-15, 19, 117.)  Prioleau's claim was denied initially and upon reconsideration. (Tr. 12.)   Thereafter, Prioleau filed a written request for a hearing which was held on March 25, 2010.  (Tr. 12.)  The Administrative Law Judge ("ALJ") found that Prioleau was not disabled within the meaning of the Social Security Act. (Tr. 12-20.)   The Appeals Council denied Prioleau's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1-3.)  Prioleau filed the instant action on August 11, 2011.  (ECF No  1.)

II. REPORT AND RECOMMENDATION

On December 21, 2012, the Magistrate Judge issued a Report in which she determined that the Commissioner's decision was not supported by substantial evidence. (ECF No. 22.)  The Magistrate Judge recommends reversing the Commissioner's final decision and remanding the case for further administrative proceedings so the ALJ can perform a proper listing analysis, taking into account the severity of the claimant's impairments and to sufficiently support his findings regarding same. (ECF No. 22 at 8-10.)

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with

instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III. DISCUSSION OF THE LAW

A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's]

decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

B. Objections

The Commissioner objects to the Magistrate Judge's Report and Recommendation, arguing that the ALJ's finding that Prioleau's alleged depression and anxiety were not severe impairments is supported by substantial evidence.  (ECF No. 23 at 2.)  Prioleau filed a response to the Commissioner's objections, and asks that the Magistrate Judge's Report and Recommendation be adopted and the case remanded.  (ECF No. 25.)

C. Analysis

This Court has considered the Commissioner's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this Court.  In his objections, the Commissioner argues that the ALJ's decision is supported by substantial evidence and specifically discusses the considerations of the ALJ in finding that Plaintiff's diagnosed depression and anxiety were not "severe."  (ECF No. 23 at 2-4.) The Commissioner argues that the Court must uphold ALJ findings supported by substantial evidence, even if there is evidence in the record that might support a different conclusion.

(ECF No. 23 at 4.)

In her Report, the Magistrate Judge outlined the five-step process an ALJ must follow in determining whether a claimant is disabled and this Court incorporates the recitation by reference as it serves as background for the analysis here. The Magistrate Judge identified error in the ALJ's treatment at steps two and three of the analysis where the ALJ considered whether Prioleau has a severe impairment (20 C.F.R. 416.920(c)) and whether Prioleau has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found, at step two of the five-step analysis, that Plaintiff had a severe impairment of mild mental retardation. (Tr. 14.) Plaintiff contends that the ALJ erred in failing to find that Plaintiff's depression and anxiety constituted additional severe impairments. (ECF No. 16 at 8-11.)

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. *See* 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight* abnormality which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) (internal citation and quotation omitted) (emphasis in original); *see also Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 474 n. 1 (4th Cir.1999); 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). "[T]his is not a difficult hurdle for the claimant to clear. " *See Albright*, 174 F.3d at 474 n. 1.

The record in this case does not support a finding that Prioleau's depression and

anxiety has such a minimal effect on her that it would not be expected to interfere with her ability to do basic work activities. *See Evans*, 734 F.2d at 1014–15; 20 C.F.R. § 404.1521(a).  The ALJ observed that Prioleau was diagnosed with Depressive Disorder (Not otherwise specified) and Anxiety (Not otherwise specified) in December 2008 (Tr. 14-15, 215.)  The ALJ also noted that although Prioleau was diagnosed with anxiety and depression, the diagnosis appeared to be based on Prioleau's subjective history and was described as "mild." (Tr. 15.)  Later, in his findings, the ALJ found that Prioleau has moderate difficulties in social functioning and moderate difficulties with regards to concentration, persistence or pace.  (Tr. 16.)  In conducting his Residual Functional Capacity ("RFC") analysis, he addressed "claimant's allegations of anxiety regarding the public" by limiting Prioleau's contact with co-workers.  (Tr. 18.) The Magistrate Judge addressed additional evidence (highlighted by Prioleau) concerning her depression and anxiety, to include notes, evaluations, and assessments, and the Court incorporates the discussion herein.   (ECF No. 22 at 5-8.)  Here, on the whole, the record reflects that Prioleau's anxiety and depression is more than a slight impairment and would significantly limit her ability to work.  Thus, the Court finds that the ALJ erred by failing to find Prioleau's anxiety and depression was a severe impairment at step two.

The Court cannot say that the failure to consider anxiety and depression as "severe" at step two was harmless because of the manner in which it affects the step three analysis in this case.  *See Singleton v. Astrue*, No. 9:08–1982–CMC, 2009 WL 1942191, at *3 (D.S.C. 2009)("Even were the court to agree that Plaintiff's depression should have been found 'severe' at step two, any error would be harmless because if Plaintiff makes a threshold showing of any 'severe' impairment, the ALJ continues with the sequential

evaluation process and considers all impairments, both severe and nonsevere."); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir.2008) (holding that any error at step two of the sequential evaluation process becomes harmless if the ALJ "reached the proper conclusion that [the claimant] could not be denied benefits at step two and proceeded to the next step of the evaluation sequence"). Since Prioleau has at least one acknowledged severe impairment, the ALJ was also obligated to consider "the combined effect of all of [Prioleau's] impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B); *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989). Although it is not entirely clear, it appears the ALJ considered Prioleau's non-severe impairments as part of his RFC analysis. Even assuming he did, failure to consider depression and anxiety at step two of the analysis, has flawed the remaining steps of the sequential analysis in this case. Further, the RFC analysis does not take the place of the analysis at step three where the ALJ makes a determination as to whether the claimant's impairments or combination of impairments meets or medically equals a listed impairment.

The Magistrate Judge correctly noted that finding error in the ALJ's step two analysis necessarily requires the ALJ to revisit the subsequent steps of the analysis, particularly whether Prioleau's impairments or combination of impairments establishes a disabling mental impairment listed in section 12.05 of Appendix 1 to 20 C.F.R. § 404, Subpart P. Listing 12.05 sets forth the following requirements for mental retardation.

The introductory paragraph states:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the

> evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.05.

As relevant to Prioleau's case, 12.05(c) requires a showing that a claimant has (1) a valid verbal, performance or full scale I.Q. of 60 through 70, (2) a physical or other mental impairment imposing an additional and significant work-related limitation of function, and (3) deficits in adaptive functioning that initially manifest during the developmental period (onset before age 22). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00 and 12.05(c); *Gooding v. Astrue*, No. 6:08-855-CMC-WMC, 2009 WL 1956694, at *2 (D.S.C. 2009). Upon remand, the ALJ should consider and address the points set forth directly above in conducting the step three listing analysis.

IV. CONCLUSION

In light of the standards set out above, the Court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court adopts the recommendation of the Magistrate Judge. This Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings consistent with this order and the Report and Recommendation. On remand, the ALJ should, at step two, re-evaluate the severity of Prioleau's impairments, including the alleged depression and anxiety, according to the standards of *Evans v. Heckler*, 734 F.2d 1012 (4th Cir.1984). The ALJ should take these impairments into account at steps three, four, and five of the five-step sequential

analysis and clearly set forth his rationale and findings regarding same.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

February 22, 2013
Spartanburg, South Carolina